UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONALD C. HUTCHINS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-cv-30111-MAP |
| | ) | |
| SHATZ, SCHWARTZ AND FENTIN, P.C., | ) | |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS
(Document No. 9)
December 14, 2012

NEIMAN, U.S.M.J

        Presently before the court is an action by Donald C. Hutchins ("Plaintiff"),

proceeding *pro se*, against Shatz, Schwartz and Fentin, P.C. ("Defendant"), a law firm.

Plaintiff's complaint sets forth two counts, negligence and malpractice, which arise out

of Plaintiff's bankruptcy proceedings.  Defendant has moved to dismiss, arguing that

Plaintiff has failed to state a claim upon which relief may be granted.  The motion has

been referred to this court for a report and recommendation.  *See* 28 U.S.C.

§ 636(b)(1)(B).  For the following reasons, the court will recommend that Defendant's

motion be allowed.

I. BACKGROUND

        The following facts come mainly from Plaintiff's complaint ("Compl.").  However,

the court has also considered certain documents related to Plaintiff's underlying

bankruptcy case, *In re Donald C. Hutchins*, Case No. 07-41459-HJB ("Bankr. Case"),

because Plaintiff's complaint explicitly refers to some of these documents and because they constitute official public records. *See Tran-spec Truck Service, Inc. v. Caterpillar Inc.,* 524 F.3d. 315, 321 (1st. Cir. 2008) ("When . . . a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged) that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." (quoting *Beddal v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998))); *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993) (courts may also consider "official public records" at the motion to dismiss stage). The facts and all reasonable inferences are stated in a light most favorable to Plaintiff as the party opposing dismissal. *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002).

On April 23, 2007, Plaintiff filed a petition under Chapter 7 of the United States Bankruptcy Code. (Compl. ¶ 6.) At the time of Plaintiff's filing, he also had three patent cases pending in the United States District Court in which, as plaintiff, he sought over five million dollars in damages; one of the cases was scheduled to go to trial. (Id. at ¶¶ 14, 15, 16.) The Bankruptcy Court initially appointed Joseph Collins as trustee of the bankruptcy estate, but Collins declined the appointment due to a conflict of interest stemming from an earlier consultation with Plaintiff in his role as President of Hutchins Tool and Engineering Company, Inc. (Id. at ¶¶ 7-8.) The Bankruptcy Court accepted Collins' withdrawal and on May 1, 2007, appointed Steven Weiss, a partner in Defendant law firm, as trustee of Plaintiff's bankruptcy estate. (Id. at ¶ 8.) At such time, Plaintiff asserts, he thought there was a potential conflict of interest with Weiss, as Plaintiff had personal and adversarial relationships with many of the partners of

2

Defendant law firm.  (Id. at ¶¶ 9, 10, 12.)  One specific instance of professional conflict of interest, Plaintiff maintains, concerned Mark Bluver, who, beginning in 1979, had an adversarial relationship with Plaintiff related to an eight-year environmental dispute also involving Hutchins Tool and Engineering Company, Inc.  (Id. at ¶ 12.)

On May 31, 2007, Weiss filed an application with the Bankruptcy Court to employ Defendant law firm as his counsel in his role as trustee.  (Bankr. Case Docket No. 15.)  The Bankruptcy Court granted Weiss's application on June 14, 2007, noting, among other things, that there were no objections.  (Bankr. Case Docket No. 17.)  Shortly thereafter, Weiss scheduled a meeting with Plaintiff at Defendant's offices to discuss the patent cases.  (Compl. ¶ 17.)  Both Plaintiff and Weiss believed that the cases constituted a major asset of the estate.  (Id.)  At Plaintiff's suggestion, Bluver participated in the meeting so that Plaintiff could guide Bluver through the patent case that was scheduled to go trial. ( Id. at ¶ 18, 19.)  At the meeting, Bluver acknowledged the conflict arising out of the prior environmental dispute but did not disqualify himself or indicate that he was unfamiliar with patent litigation.  (Id. at ¶ 19.)  At the close of the meeting, Bluver told Plaintiff that he would need an extensive amount of time to review the documents of one of the patent cases.  (Id. at  ¶ 20.)  Weiss, as well, told Plaintiff about previous amounts that he had received for bankruptcy creditors through settlement rather than having the cases go to trial.  (Id.)

Bluver filed notices of appearance in all three patent cases as counsel for Weiss in his role as trustee.  (Id. at ¶ 21.)  In that capacity, Bluver assisted Weiss in reaching settlement agreements with the opposing parties.  (Id. at ¶ 21-22.)  In accordance with the settlement agreements, Weiss filed in the Bankruptcy Court motions to compromise

Plaintiff's claims against the defendants in the three patent cases.  (Bankr. Case Docket

Nos. 53, 69, 126.)  Plaintiff objected to two of Weiss's motions to compromise. (Id.,

Docket Nos. 64, 130, 156.)  However, in connection with an agreement with Weiss,

Plaintiff withdrew his objection to one of Weiss's motions and agreed not to object to

Weiss's second motion to compromise.  (Id., Docket No. 108.)  As to Plaintiff's

objections to Weiss's third motion to compromise, the Bankruptcy Court overruled them

because Plaintiff did not appear at the hearing to prosecute his objections.  (Id., Docket

No. 172.)

The Bankruptcy Court granted Weiss's motions to compromise on October 17,

2007, October 19, 2007, and March 14, 2008, respectively.  (Id., Docket Nos. 98, 101,

172.)  Weiss settled the three patent cases for a total of $46,033.  (Compl. at ¶ 22.)  On

December 1, 2011, the Bankruptcy Court entered an order discharging Plaintiff and on

March 22, 2012, the Bankruptcy Court closed his bankruptcy case.  (Bankr. Case

Docket Nos. 231, 235.)

Plaintiff filed the instant complaint on June 20, 2012, in which he alleges

negligence (Count I) and legal malpractice (Count II) against Defendant.  The crux of

Plaintiff's claims is that the patent cases were settled for too low an amount, thereby

reducing the funds available to the estate, which additional funds would have been

distributed to creditors and to Plaintiff.  Defendant's motion to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b)(6) rests on several alternative grounds.

## II.  STANDARD OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim

upon which relief may be granted, the court must accept the allegations in the complaint

4

as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). Although "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Sepulveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 28 (1st Cir. 2010), the Supreme Court made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), only a complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Still, a *pro se* plaintiff is "entitled to liberal construction of his allegations, no matter how inartfully pled." *Stern v. Haddad Dealerships of the Berkshires, Inc.*, 477 F. Supp. 2d 318, 321 (D. Mass. 2007).

### III. DISCUSSION

As an initial matter, although Plaintiff named their law firm as the defendant, his complaint, read broadly, appears to assert claims for the actions of both Weiss, in his role as trustee of the bankruptcy estate, and Bluver, in his role as counsel to the trustee. (Compl. at ¶ 24, 32.) In seeking dismissal, however, Defendant has only addressed whether it is liable via Bluver as counsel to the trustee, presumably reading the complaint as not asserting claims related to Weiss's actions as trustee. With that limitation, Defendant argues that the complaint should be dismissed, first, because it owed no duty of care to Plaintiff, second, because Plaintiff's claims are barred under the

doctrine of *res judicata* and, third, because Plaintiff's claims are barred by the statute of limitations.  While each of these arguments has merit, the court, for the reasons set forth below, will recommend in the alterative that Plaintiff's complaint be dismissed in its entirety because the court lacks subject-matter jurisdiction over *all* of Plaintiff's claims as they may target both Bluver and Weiss.

To be sure, Defendant has not raised the issue of subject-matter jurisdiction. Nevertheless, the court is obligated to inquire, on its own, whether it has jurisdiction over a particular case.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").  Here, the court concludes, it lacks subject-matter jurisdiction because Plaintiff has not obtained leave from the Bankruptcy Court to institute the present action.  More on that later.      First, however, the court will briefly describe the role of a Chapter 7 trustee in settling a debtor's outstanding causes of action.  As the First Circuit has explained, "[t]he trustee steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of actions, which become property of the estate."  *In re Rare Coin Galleries of America, Inc.* 862 F.2d 896, 901 (1st Cir. 1988) (citing *In re Ozark Restaurant Equip. Co., Inc.,* 816 F.2d 1222, 1225 (8th Cir. 1987)); *see also DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir. 2006).  This is so because "causes of action belonging to the *debtor* at the commencement of the [bankruptcy] case are included within the definition of property of the estate. . . .  Any of these actions that are unresolved at the time of filing then pass to the trustee as representative of the estate, who has the responsibility under [11 U.S.C.

6

§ 704(1)] of asserting them whenever necessary for collection or preservation of the estate." *In re Ozark Restaurant Equip. Co., Inc.,* 816 F.2d at 1225 (emphasis in original) (internal citation omitted).  "A corollary to the rule that the trustee succeeds to the debtor's prepetition causes of action is that a debtor no longer has standing to pursue his claims once they become property of the estate upon the commencement of the bankruptcy case."  *In re Robinson*, 368 B.R. 805, 815 (Bankr.E.D.Ark. 2007). Further, the trustee's authority to assert or maintain the debtor's causes of action includes the authority to settle those causes of action, *see In re Moorhead Corp.*, 208 B.R. 87, 89 (1st Cir. BAP 1997), which, after notice to the debtor (among others) and a hearing, must be approved by the bankruptcy court before the settlement can be finalized, *see* Fed. R. Bankr. P. 9019.

Here, Weiss, with the assistance of Bluver, settled the three patent cases in his role as trustee of the bankruptcy estate.  Moreover, pursuant to Fed. R. Bankr. P. 9019, the Bankruptcy Court specifically approved the settlements.  Accordingly, it is clear beyond doubt that Plaintiff, through his complaint, is presently seeking to assert liability against Defendant for the official-capacity actions of Weiss, as trustee, and Bluver, as counsel to the trustee.  *See In re Martin*, 287 B.R. 423, 435 (Bankr.E.D.Ark. 2003).

A.  Jurisdiction Under 28 U.S.C. § 1334

As a preliminary matter, there is some question as to whether this court even has subject-matter jurisdiction under 28 U.S.C. § 1334, which Plaintiff invokes in his complaint.  Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  The First Circuit has explained that "'arising under' proceedings

7

are (at least) those cases in which the cause of action is created by title 11"; "'[a]rising in' proceedings generally are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy"; and "'related to' proceedings [are] proceedings which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." *In re Middlesex Power Equipment & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 2002) (internal quotation marks omitted).[1]

Courts generally hold that claims against professionals for alleged misconduct that occurred during the administration of a bankruptcy estate fall under the "arising in" jurisdiction of the federal courts. *See, e.g., Baker v. Simpson*, 613 F.3d 346, 351 (2nd Cir. 2010); *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260-63 (3rd Cir. 2007); *Grausz v. Englander*, 321 F.3d 467, 4171-72 (4th Cir. 2003); *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999).  There is some disagreement, however, as to whether federal courts have jurisdiction under section 1334 when the underlying bankruptcy case has been closed and has not been re-opened prior to the filing of the complaint. *Compare Archer v. Nissan Motor Acceptance Corp.*, 324 F. Supp. 2d 805, 808-809 (S.D.Miss. 2004); *Walnut Associates v. Saidel*, 164 B.R. 487, 491, 494-95 (E.D.Penn. 1994); *In re Canoe Mfg. Co., Inc.*, 466 B.R. 251, 261 (Bankr.E.D.Pa. 2012)*, with In re Anderson*, 476 B.R. 668, 674 n.11 (1st Cir. BAP 2012); *In re Henneghan*, 2005 WL 2267185, at *2

---

[1] The court notes that Plaintiff's complaint, which asserts only state-law causes of action, does not invoked diversity of citizenship as a basis for this court's jurisdiction.

(Bankr.E.D. 2005); *In re Earned Capital Corp.*, 331 B.R. 208, 217 (Bankr.W.D.Penn.

2005), *aff'd sub nom. In re Seven Fields Develop. Corp.*, 505 F.3d 237 (3rd Cir. 2007) *In*

*re Jones*, 1994 WL 16855167, at *3 (Bankr.S.D.Ga. 1994).   That is the situation here;

Plaintiff's underlying bankruptcy case was closed well prior to the filing of the instant

complaint.   In any event, however, the court need not resolve this particular issue

because it is convinced that it lacks subject-matter jurisdiction on the basis of the *Barton*

doctrine, as described below.

B.  Barton Doctrine

      In light of the important role of a trustee in the administration of a bankruptcy

estate and the fact that bankruptcy courts appoint trustees, an individual who wishes to

pursue an action against a trustee for acts done in his or her official capacity must first

seek leave from the court which appointed the trustee.   *Muratore v. Darr,* 375 F.3d 140,

143 (1st Cir. 2004) (citing *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000)).

This construct is known as the *Barton* doctrine, having originated in *Barton v. Barbour*,

104 U.S. 126, 127 (1881) (involving an action against a receiver).   The failure to obtain

leave from the bankruptcy court deprives the other forum of subject-matter jurisdiction

over the action.   *Muratore*, 375 F.3d at 147.   "Part of the rationale underlying *Barton* is

that the court appointing the receiver has *in rem* subject matter jurisdiction over the

receivership property. . . .   As the Supreme Court explained, allowing the unauthorized

suit to proceed 'would . . . [be] a usurpation of powers and duties which belonged

exclusively to another court.'"   *Seaman Paper Co. of Mass., Inc. v. Polsky*, 537 F. Supp.

2d 233, 236 (D. Mass. 2007) (citing *Barton*, 104 U.S. at 136).   The *Barton* doctrine

applies even if the bankruptcy case has been closed.   *See Muratore*, 375 F.3d at 147.

There is, however, a limited statutory exception to the *Barton* doctrine's leave requirement as to a trustee's "acts or transactions in carrying on business connected with such property."  28 U.S.C. § 959(a).  As explained in *Muratore*, that exception has been interpreted "to mean acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *Muratore*, 375 F.3d at 144.  "[S]ection 959(a) 'is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.'"  *Id.* (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 1993)).  The exception does not apply, however, to acts taken while simply administering and liquidating an estate, such as asserting and settling a debtor's cause of action.  *See id.* at 144-45 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993)).

In this case, Plaintiff alleges misconduct on the part of Weiss (and Bluver) arising from the liquidation of certain assets of the estate, namely, the settlement of the patent cases.  Since the allegations in the complaint do not arise from the conduct of Plaintiff's business, Hutchins Tool & Engineering Company, Inc., section 959(a) simply does not apply.  *See Muratore*, 375 F.3d at 146 ("Since Muratore bases his complaint on the trustee's alleged misconduct in liquidating and administering the estate's property, and not on tortious acts committed in furtherance of Muratore's leasing or mortgage and real estate business, section 959(a) does not apply.").  Therefore, without permission from the Bankruptcy Court, which Plaintiff did not seek or receive, this court lacks subject-matter jurisdiction over any claim asserting wrong-doing on behalf of Weiss in his role

10

as trustee.  The fact that Plaintiff brought this action in federal court rather than state

court does not change the analysis.  *See id.* at 147 (affirming federal district court's

dismissal of complaint where the plaintiff did not first obtain leave of the bankruptcy

court before commencing action); *see also Blixseth v. Brown*, 470 B.R. 562, 566

(D.Mont. 2012) ("[T]he District Court is a different forum than the Bankruptcy Court for

purposes of the *Barton* Doctrine.  This is true despite the fact that a bankruptcy court's

jurisdiction is derivative of the district court's [under 28 U.S.C. §§ 157 and 1334].").

Given Plaintiff's claims with respect to Bluver, it is important to understand as

well that the *Barton* doctrine has been extended beyond the bankruptcy trustee to suits

against professionals employed by the trustee, such as the trustee's counsel.  *See, e.g.,*

*McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012); *Lawrence v. Goldberg*, 573 F.3d

1265, 1269-70 (11th Cir. 2009); *In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006).

The reason is clear:

> [C]ounsel for trustee, court appointed officers who represent the estate, are
> the functional equivalent of a trustee, where as here, they act at the direction
> of the trustee and for the purpose of administering the estate or protecting its
> assets. . . .   The protection that the leave requirement affords the Trustee
> and the estate would be meaningless if it could be avoided by simply suing
> the Trustee's attorneys.

*In re Delorean Motor Co.*, 991 F.2d at 1241.  Although the First Circuit has yet to

explicitly adopt this extension, it has cited *In re Delorean* as well as two other decisions

that applied the *Barton* doctrine in this way.  *See Muratore*, 375 F.3d at 144-45, 147

(citing *Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 2000); *In re Delorean Motor*

*Co.*, 991 F.2d at 1241; *In re Krikava*, 217 B.R. 275, 278-79 (Bankr.D.Neb. 1998)).  For

its part, this court has not found a single case which holds that the *Barton* doctrine does

*not* apply to a trustee's counsel who acts on behalf of the trustee in administering the bankruptcy estate.

The court finds the analysis reflected in the Sixth Circuit's *In re Delorean* decision compelling and concludes that the *Barton* doctrine applies to Plaintiff's claims of wrong-doing by Bluver and, for that matter, the Defendant law firm itself.  *See McDaniel v. Blust*, 2010 WL 144352, at *4 (M.D.N.C. 2005) ("Because trustee Ivey employed that law firm as his counsel, the individual Defendants and the law firm itself are persons or entities to which the *Barton* doctrine may apply."), *aff'd* 688 F.3d 153 (4th Cir. 2012).  As described, Plaintiff's claims target Bluver solely in his role as counsel to the trustee and the Bankruptcy Court specifically approved of Weiss's use of Bluver and Defendant law firm in that capacity.  Moreover, the court cannot find any allegation in the complaint that would negate the applicability of the *Barton* doctrine here.[2]

It should be noted that the court's analysis and application of the *Barton* doctrine to the case at bar would not be changed by consideration of the Local Rules, which

_____

[2] Although a trustee hiring his or her own law firm as counsel may raise some concerns, it is not prohibited and is a common occurrence.  *See, e.g., In re Computer Learning Centers, Inc.*, 285 B.R. 191, 227 (Bankr.E.D.Va. 2002) ("While employment by the trustee of the trustee's own law firm is frequently appropriate and is expressly authorized by § 327(d) of the Bankruptcy Code, employment and compensation must be closely scrutinized.").  Here, the Bankruptcy Court, in addition to approving Weiss's application to hire Defendant firm, also approved his application for fees for Defendant law firm after holding a hearing.  (Bankr. Case Docket Nos. 17, 222.)  In light of 11 U.S.C. § 330(a)(3)(A), such approval carries with it "an implied 'finding of quality and value' in the professional services provided."  *In re Iannochino*, 242 F.3d 36, 47 (1st Cir. 2001) (quoting *In re Interlogic Trace, Inc.*, 200 F.3d 382, 387 (5th Cir. 2000)).  More to the point, perhaps, the fact that Weiss employed his own law firm does not take this action out of the protection of the *Barton* doctrine.  *See, e.g., McDaniel v. Blust*, 668 F.3d 153, 155, 156-58 (4th Cir. 2012) (applying *Barton* doctrine to trustee's counsel even though trustee hired his own law firm); *In re Krikava*, 217 B.R. 275, 277, 278-79 (Bankr.E.D.Neb. 1998) (same).

generally calls for the referral of such cases filed in this forum to the bankruptcy court. In particular, Local Rule 201 provides as follows: "Pursuant to 28 U.S.C. § 157(a), any and all cases arising under Title 11 United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judges of the bankruptcy court for the district of Massachusetts."[3]  In *Muratore*, however, the First Circuit addressed the argument that, rather than affirm the dismissal of a complaint for lack of subject-matter jurisdiction pursuant to the *Barton* doctrine, the district court should have referred the case to the bankruptcy court.  *Muratore*, 375 F.3d at 147-48.  The First Circuit explained, however, that it did "not have this option." *Id.* at 148.  The court explained:  "Rule 12(h)(3) of the Federal Rules of Civil Procedure states that a court 'shall dismiss' an action over which it lacks subject-matter jurisdiction."  *Id.* Simply put, a federal district court may not refer a case to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and Local Rule 201 if the district court itself does not have subject-matter jurisdiction.  *See Marotta Gund Budd & Dzera LLC v. Costa*, 340 B.R. 661, 663 (D.N.H. 2006) ("If this court lacks subject matter jurisdiction, however, it necessarily lacks the authority to refer the case to the bankruptcy court." (citing *Muratore*, 375 F.3d at 147-48)); *see also McKinstry v. Sergent*, 442 B.R. 567, 570-71 (E.D.Ky. 2011) (citing *Muratore*, 375 F.3d at 147-48).  For all these reasons, the court will recommend dismissal of Plaintiff's complaint for lack of subject-matter jurisdiction.

C.  Statute of Limitations

---

[3] Section 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under 11 or arising in or related to a case under title shall be referred to the bankruptcy judges for the district."

To the extent there is some question as to whether the *Barton* doctrine applies to claims against a trustee's counsel, the court notes that each of Defendant's arguments for dismissal -- which, as described, relate to Defendant's liability (through Bluver) as counsel to the trustee -- have merit.  Particularly convincing is Defendant's argument regarding the statute of limitations.  Accordingly, the court will address that argument so as to provide as complete a report and recommendation as may be necessary.  Of course, if the trial court concludes that the *Barton* doctrine does *not* apply to counsel for the trustee, it could (if not should) refer this matter to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and Local Rule 201, as referenced above.  Nevertheless, this court will address Defendant's argument regarding the statute of limitations so as to indicate the ultimate futility of such a referral.

Plaintiff's state law causes of action are subject to Massachusetts statutes of limitations.  *See Heinrich ex rel. Heinrich v. Sweet,* 49 F. Supp. 2d 27, 33 (D. Mass. 1999) ("[S]tate rather than federal law controls the statute of limitations periods for the state law causes of actions.").  The applicable statute with regard to claims of negligence and malpractice provides:  "Actions of . . . error or mistake against attorneys . . . shall be commenced only within three years next after the cause of action accrues." MASS. GEN. LAWS ch. 260 § 4.  Such causes of action accrue when the plaintiff "knows or reasonably should know that he or she has sustained appreciable harm as a result of the lawyer's conduct."  *Rosen Const. Ventures, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 364 F.3d 399, 405 (1st Cir. 2004) *(*quoting *Williams v. Ely,* 668 N.E.2d 799, 804 (Mass. 1996)).

Defendant first argues that the limitations period accrued when Weiss was

appointed trustee and Bluver became involved in the patent cases in May of 2007.  In support, Defendant points out that Plaintiff admits in his complaint that he was concerned about potential conflicts of interest at the time.  Although Defendant is correct that "a cause of action accrues when some harm has occurred even though the full extent and nature of that harm has not been and cannot be established immediately," *Mass. Elec. Co. v. Fletcher, Tilton & Whipple, P.C.*, 475 N.E.2d 390, 392 (Mass. 1985), it is not clear from the complaint that Plaintiff had sustained any "appreciable harm" at that point.  "At its root meaning, appreciable harm is injury, loss or detriment that is capable of being measured or perceived."  *Vinci v Byers*, 837 N.E.2d 1140, 1145 (Mass.App.Ct. 2005) (internal quotation marks omitted.)  Awareness of a potential conflict of interest, without more, does not constitute "appreciable harm."  *See Lawrence Sav. Bank v. Levenson*, 797 N.E.2d 485, 493 (Mass.App.Ct. 2003).

Defendant next argues that, at the latest, Plaintiff's causes of action accrued when the Bankruptcy Court allowed Weiss's motions to compromise the three patent cases, on October 17, 2007, October 19, 2007, and March 14, 2008.  The court agrees. At least as alleged in his complaint, Plaintiff both suffered appreciable harm -- the loss of millions of dollars which could have "put the bankruptcy estate in the black" (Compl. ¶ 17) -- and knew of that harm at the time of the settlements.  Accordingly, the limitations period accrued as of March 14, 2008 at the latest.  Plaintiff's complaint, dated June 20, 2012, therefore was filed well beyond the three year statute of limitations which expired on March 14, 2011.

Granted, Plaintiff argues that, because he filed his complaint only months after his bankruptcy case had been closed, he was within the limitations period.  The court

disagrees:

> [T]here is no legal authority for such a theory of suspension [of the limitations period] pending the final disposition in a case.  That a case is ongoing and not finally adjudicated . . . does not mean that there is no duty of inquiry into the harm and its connection to the attorney's conduct and no accrual of a legal malpractice claim; the risks of a statute of limitations bar on a legal malpractice claim are not left back stage, suspended to the final curtain call.

*Frankston v. Denniston*, 907 N.E.2d 244, 252 (Mass.App.Ct. 2009).  As mentioned,

Plaintiff's complaint makes clear that he was aware of the consequences of the

settlements and directly suffered harm at the time the Bankruptcy Court allowed the

motions to compromise.  Moreover, the Bankruptcy Court's docket shows that Plaintiff

had an opportunity to raise objections to the motions and did in fact raise objections --

though he ultimately withdrew his objection to one motion, agreed not to object to a

second motion, and never appeared at the hearing regarding his objections to the third

motion.  Therefore, by the time the motions to compromise were allowed, "the

necessary coalescence of discovery and appreciable harm occurred."  *Cantu v. St. Paul*

*Companies*, 514 N.E.2d 666, 668-69 (Mass. 1987).  The fact that Plaintiff's bankruptcy

case was not closed until March 22, 2012, is of no moment.

In sum, Plaintiff's complaint, to the extent it asserts claims against Defendant as

counsel to the trustee, was not filed within the statute of limitations.  Thus, in the

alternative, the court would also recommend dismissal of those claims as to Defendant

law firm's role as counsel.

IV.  CONCLUSION

For the reasons stated, the court recommends that Defendant's motion to

16

dismiss be ALLOWED.[4]

DATED: December 14, 2012

                                        /s/   Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.